UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROMAN SANCHEZ CHAIDEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:12-cv-4024-SLD |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. | |

ORDER

Now before the Court is Plaintiff's motion for reasonable attorney's fees pursuant to 28 U.S.C. § 2412. ECF No. 40. Plaintiff relies on the Equal Access to Justice Act, which provides that a district court may award attorney's fees where

(1) the claimant was a "prevailing party,"
(2) the government's position was not "substantially justified,"
(3) no special circumstances make an award unjust, and
(4) the claimant filed a timely and complete application with the district court.

*Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). The only argument that the Commissioner makes in opposition to Plaintiff's motion for fees is that the government's position was substantially justified. The Commissioner does not dispute the amount requested.

The Commissioner bears the burden of proving that both Defendant's litigation position and the ALJ's decision were substantially justified. *Id.* A position is substantially justified if "it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Id.* In this case, the Commissioner argued that the Court should affirm the ALJ's decision, but the Commissioner failed to even address two of the arguments raised by

1

Plaintiff that ultimately warranted remand.  *See* Order at 16-17, ECF No. 38.  Further, the ALJ's hypothetical questions given to the ALJ contradict established precedent.  The ALJ did not just inadequately account for Plaintiff's mental impairments, but the ALJ totally neglected to include any mental impairment limitations in the hypothetical questions to the VE.  *See* Order at 17-18.  Established case law states that the ALJ must account for all of a claimant's limitations, specifically those related to concentration, persistence, or pace.  *See Stewart*, 561 F.3d at 684-85.  In light of the ALJ violating this clear precedent and the Commissioner's failure to even address this violation, the Court finds that the ALJ's hypothetical questions to the VE and the Commissioner's subsequent litigation position lack substantial justification.  *See id.* at 685.  Though, as noted in the Order, Plaintiff raised a tremendous number of arguments—and lost on most of them—the government's overall conduct was not substantially justified for the reasons described above and because the Court remanded on not just one, but four separate issues.

I.  CONCLUSION

For the reasons explained herein, Plaintiff's Motion for EAJA fees, ECF No. 40, is GRANTED.  Defendant is hereby ORDERED to pay Plaintiff's counsel $7,648.88 in reasonable attorney's fees.

Entered this 31st day of July, 2013.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE